Catron, Ch. J.
delivered the opinion of the court.
On the 23d of April, 1831, Thomas M’Lain, through his agent, R. C. Norvell, employed Col. Williams as attorney and counsel, to aid in prosecuting an action of *231 ejectment then pending in the Claiborne circuit court, wherein M’Clain, with others, were seeking to recover as lessors of the plaintiff. M’Clain, by his agent, executed a note of hand, dated the 23d of April, 1831, and due six months after date, for one hundred dollars, as the fee for the services of Col. Williams. The cause remained in court, and was attended to by Col. Williams for upwards of three years without having been tried upon the merits. M’Clain eventually compromised it with Van-bebber, the defendant in ejectment, who proves he got what he considered equal to about two hundred and forty dollars for the surrender of his claim, and the possession.
Previous to the compromise, on the 29th December, 1829, Col. Williams sued M’Clain upon the note for the fee; the action was not tried, however, until December 1834, after the compromise. The defendant rested his defence on two grounds: 1st That Norvell was not authorized to give the note; and 2nd. that the consideration had in part failed.
The plea of non-assumpsit was put in, verified upon oath, before a justice of the peace out of court, which was not sufficient to call in question the agency if objected to on this ground; but it was not, and the agency of Norvell was proved; which point is for the plaintiff below, Williams.
The second ground of defence presents more of difficulty. That the fee was every way reasonable for such service, is prima facie apparent, and the fact is also proved, for after Col. Williams had been applied to, to appear for M’Clain, but before he was actually employed, Vanbeb-ber offered to employ him at an hundred dollar fee, which Col. Williams refused, alleging he had been spoken to by the other side.
The court .charged the jury in substance, that Col. Williams had a right to recover upon the note to its full amount, notwithstanding the suit was compromised and a trial'in court never had.
*232 Is it true, that the consideration for which the note was e xecuted, had partly failed? M’Clain promised, that on the 23d of Oct. 1831, he would pay Col. Williams one hundred dollars; in consideration of which, Col. Williams promised, that as attorney and counsel, he would attend to the prosecution of a certain action of ejectment. The title papers were procured, the title investigated, and the court attended for about three years, when the lessor of the plaintiff thinks it to his interest to put an end to the litigation by compromise, and obtain the title and possession of the defendant for a sum not equal to the expenses of a trial in court, in all probability. Perhaps the defendant had improvements, or other equities, threatening further litigation. . This does not matter; if M’Clain saw proper to end the suit by compromise, without stipulating with Col. Williams for an abatement in his fee, he was bound in law and morals to pay it, because the counsel had faithfully performed his part of the contract, attended to the prosecution of the ejectment from the time he was employed to do so, until its termination in the Claiborne circuit court.
It is useless now to discuss the question, whether if a contract be fair and bona fide in its inception, as this assuredly was, and one party puts it out of the power of the other to perform, he can set up his own act as a de-fence to performance on his part; as would have been the case had M’Clain dismissed his suit the next day after he employed Col. Williams; such a naked case is not presented. - The judgment will be affirmed.
Judgment affirmed.